# Exhibit A

# LAW OFFICE OF NICHOLAS F ORTIZ, P C

50 Congress Street Suite 540  Tel (617) 338 9400
Boston Massachusetts 02109  Fax (617) 507 3456

September 22, 2022

BY CERTIFIED MAIL / RETURN RECEIPT REQUESTED

President
Allstate Insurance Company
2775 Sanders Road
Northbrook, IL 60062

RE   Grier v Allstate Insurance Company
     C A No 2282CV00855

Dear Sir or Madam

   Pursuant to Massachusetts R Civ P 4(e), enclosed please find service copies of the complaint and summons in the above-referenced matter  Please be guided accordingly

Best regards,

Mike Molloy

Enclosures

(TO PLAINTIFF'S ATTORNEY. PLEASE CIRCLE TYPE OF ACTION INVOLVED -
TORT – MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 2282CV00855

Derek Gries, individually and on behalf of others similarly situated, Plaintiff(s)

v.

Allstate Insurance Company Defendant(s)

### SUMMONS

To the above-named Defendant: Allstate Insurance Company

You are hereby summoned and required to serve upon Stacey W Thomsen plaintiff's attorney, whose address is 50 Congress St, Ste 540, Boston, MA 02109, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS Heidi E Brieger Esquire, at _____ the 22nd day of September, in the year of our Lord two thousand and 22.

Clerk.

NOTES
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___ I served a copy of the within summons together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5))

_____

_____

_____

Dated: _____, 20___

N.B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT

| , 20 |
|------|

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 2282CV00855

Derek Grier, Plaintiff

v.

Allstate Insurance Company, Defendant

SUMMONS
(Mass. R. Civ. P. 4)

Date Filed 9/16/2022 1 22 PM
Superior Court  Norfolk
Docket Number

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>2282CV00855 | Trial Court of Massachusetts<br>The Superior Court  |
|---|---|---|
| | | COUNTY Norfolk Superior Court (Dedham) |

| Plaintiff | Derek Grier | Defendant | Allstate Insurance Company |
|---|---|---|---|
| ADDRESS | Quincy  MA | ADDRESS | 2775 Sanders Road Northfield Township  IL |
| Plaintiff Attorney | Stacy W  Thomsen | Defendant Attorney | |
| ADDRESS | Law Offices of Nicholas F  Ortiz  50 Congress Street  Suite 540<br>Boston  MA 02109 | ADDRESS | |
| BBO | 706746 | BBO | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A01 | Services  Labor  or Materials | F | ☒ YES   ☐ NO |

If  Other  please describe _____

Is there a claim under G L  c  93A?     ☐ YES   ☒ NO          Is there a class action under Mass  R  Civ  P  23?   ☒ YES   ☐ NO

### STATEMENT OF DAMAGES PURSUANT TO G L  c  212, § 3A

The following is a full  itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages
For this form  disregard double or treble damage claims  indicate single damages only

**TORT CLAIMS**

A  Documented medical expenses to date
  1  Total hospital expenses _____
  2  Total doctor expenses _____
  3  Total chiropractic expenses _____
  4  Total physical therapy expenses _____
  5  Total other expenses (describe below) _____
  
                                                            Subtotal (1 5) $0 00

B  Documented lost wages and compensation to date _____
C  Documented property damages to date _____
D  Reasonably anticipated future medical and hospital expenses _____
E  Reasonably anticipated lost wages _____
F  Other documented items of damages (describe below) _____

                                                            TOTAL (A F) $0 00

G  Briefly describe plaintiff's injury  including the nature and extent of injury

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement  Mass  R  Civ  P  8 1(a)

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1 | Misclassification of employees as exempt resulting in failure to pay employees overtime wages for overtime hours worked | Class wide dmgs est > $50K |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff X _____     Date September 16  2022

RELATED ACTIONS  Please provide the case number  case name  and county of any related actions pending in the Superior Court

### CERTIFICATION PURSUANT TO SJC RULE 1 18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1 18) requiring that I provide my clients with information about court connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution

Signature of Attorney/Unrepresented Plaintiff X _____     Date September 16  2022

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss                                     SUPERIOR COURT
                                                DEPARTMENT OF
                                                THE TRIAL COURT

| | |
|---|---|
| DEREK GRIER, <br> individually and on behalf of others <br> similarly situated, <br><br> Plaintiff, <br><br> v <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendant | C A No  2282CV00855 |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### I     INTRODUCTION

The plaintiff, Derek Grier, individually and on behalf of those similarly situated, brings this action against his former employer, Allstate Insurance Company ( Allstate"),  for violation of state and federal wage and hour laws  The crux of this complaint is that the Allstate  (1) misclassified employees as exempt and (2) failed to pay employees overtime wages for overtime hours worked, all in violation of Massachusetts law and the Fair Labor Standards Act (FLSA)

### II     PARTIES

1    Plaintiff Derek Grier resides in Quincy, Massachusetts

2    Defendant Allstate Insurance Company ("Allstate") is a corporation engaged in the business of selling automobile insurance policies in Massachusetts with a principal place of business located at 2775 Sanders Road, Northfield Township, IL

1

3       Allstate employed the Plaintiff from approximately September 4, 2018 to July 28, 2022

### III    JURISDICTION AND VENUE

4       This Court has jurisdiction to address this matter pursuant to, *inter alia*, M G L c 149, § 150 and M G L c 151, § 1B, 20

5       The Plaintiff has filed a complaint regarding this matter with the Massachusetts Attorney General pursuant to M G L c 149, § 150

6       Venue is proper pursuant to M G L c 223, § 1 because Plaintiff resides in Norfolk County

### IV    FACTS

7       Allstate is a company that provides auto insurance nationally, including in Massachusetts

8       Allstate employs field appraisers, whose job responsibilities include traveling to clients' locations to visually inspect damaged vehicles in order for Allstate to establish which vehicle components need to be repaired or replaced

9       Allstate employed Plaintiff Derek Grier as a field appraiser beginning in or around September 2018

10      Throughout his employment, Plaintiff's role was also referred to as an auto technician, field adjuster, and field auto damage estimator

11      As a field appraiser, Mr Grier's job responsibilities included traveling to Allstate clients' locations or auto-body shops, viewing the damage to clients' vehicle, inputting the damage in Allstate's computer program, writing an estimate appraisal based on the program's findings, and, on some occasions, issuing checks

12. At the beginning of his employment Allstate agreed to pay Mr Grier a salary of $65,500 00 per year

13. Allstate subsequently increased Mr Grier's salary to approximately $69,000 00 per year

14. Allstate assigned Mr Grier and other field appraisers multiple claims to inspect each workday

15. Mr Grier performed field appraiser work for Allstate for more than 40 hours in a workweek in multiple workweeks, including in workweeks within the three years and 106 days before the filing of the Complaint

16. In fact, Mr Grier often worked in excess of 65 hours per week

17. On information and belief, other field appraisers similarly worked in excess of 40 hours in workweeks within the two years preceding the filing of the Complaint

18. Allstate classified Mr Grier and other field appraisers as overtime-exempt

19. Consequently, when Mr Grier or other field appraisers worked in excess of 40 hours per week, Allstate did not pay them one and one-half times their regular rate of pay for overtime hours worked

20. However, at all relevant times, the job duties that Mr Grier and other field appraisers performed for Allstate do not qualify them as exempt

21. During his employment with Allstate, Mr Grier did not have authority to hire, fire, suspend, or otherwise discipline any of Allstate's other employees

22. During his employment with Allstate, Mr Grier's primary job duty was not managing Allstate's business or any subdivision of its business

23. During his employment with Allstate, Mr Grier's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance

24. During his employment with Allstate, Mr Grier could not waive or deviate from Allstate's established policies or procedures in performing his field appraiser work without prior approval

25. During his employment with Allstate, Mr Grier's job duties did not involve developing, reviewing, or evaluating the business policies of Allstate or Allstate's customers

26. During his employment with Allstate, Mr Grier's job duties did not involve formulating, interpreting, or implementing management policies for Allstate or Allstate's customers

27. During his employment with Allstate, Allstate required Mr Grier to perform his job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Allstate's computer software

28. As part of their job duties, Mr Grier and other field appraisers looked at customer vehicles to visually inspect damage

29. They then input the damage that they observed into Allstate s computer program, and the computer program generated an estimate appraisal

30. Mr Grier and other field appraisers then "locked" the estimate appraisal and sent copies to the vehicle owner and body shop

31. They also uploaded the estimate appraisals to Allstate's database so that their managers and the claim adjusters could access the estimate

32    Allstate required field appraisers to follow Allstate's guidelines and procedures for determining whether to replace damaged parts with original equipment manufacturer ( OEM ') parts or to use aftermarket parts, regardless of whether the part was actually the best fit for a particular vehicle

33    In other words, Allstate did not permit field appraisers to use their own discretion or independent judgment when determining what Allstate would pay for in a given claim

34    Instead, Allstate required field appraisers to apply Allstate's established guidelines, procedures, and/or techniques for establishing what repairs or replacements Allstate would authorize

35    Allstate did permit field appraisers to issue payments for claims up to a set dollar amount in some circumstances, based in part on the appraiser's reinspection scores and whether or not Allstate had already determined and accepted liability

36    For example, after Allstate determined and accepted liability, some field appraisers could issue a payment for an insured vehicle with no lien that was in a single-vehicle accident and sustained $7,000 00 in damage

37    However, field appraisers did not make liability decisions, including assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims

38    Field appraisers did not make determinations related to client insurance coverage

39    Field appraisers did not interview witness or take witness statements

40    Field appraisers did not deal with bodily injury that resulted from collisions, only with damage to vehicles

41    Field appraisers also did not handle lawsuits or negotiate with attorneys

42. Field appraisers did not have authority to negotiate labor rates or part utilization with repair shops outside of Allstate s established policies and procedures without prior approval or authorization

43. Field appraisers did not have authority to determine whether to repair or replace car parts outside of Allstate s established policies and procedures without prior approval or authorization

44. At all relevant times, Mr Grier and other field appraisers have been non-exempt employees entitled to overtime pay

45. On July 28, 2022, Allstate terminated Mr Grier's employment

## V. CLASS ALLEGATIONS

46. Mr Grier brings this claim on behalf of a class of similarly situated Allstate employees

47. The Class consists of all persons whom Allstate employed as field appraisers, classified as exempt, and who worked more than 40 hours in at least one workweek between September 16, 2019 and the date of judgment

48. The Plaintiff and the Class meet the requirements of Mass R Civ P 23 to pursue this action as a class action

49. The Class is sufficiently numerous that joinder of all members is impracticable

50. On information and belief, the Class encompasses at least 40 members

51. There are questions of law and fact which are common to all members of the class These questions predominate over any question affecting only individual class members The gravamen of this complaint is based on discrete and uniform policies and practices of Allstate that affected a group of employees in a similar manner

52    Mr Grier's claims are typical of the claims of members of the Class All claims are based on the same factual and legal theories

53    Mr Grier will fairly and adequately represent the interests of class members Mr Grier has no conflict with any members of the class and is capable and willing to serve as a class representative He has retained counsel competent and experienced in class action litigation

54    Certification of this class pursuant to MASS R CIV P 23 is appropriate Common questions of law and fact predominate over individual questions Among the questions of law and fact common to the Plaintiff and Class is

> a   Whether Allstate's failure to pay field appraisers one and one-half times their regular rate of pay for all hours worked in excess of 40 violates the Massachusetts Overtime Law, and
>
> b   Whether field appraisers are exempt from receipt of overtime pay under the Massachusetts Overtime Law

55    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that

> a   The individual class members are likely not aware that they have been wronged and are thus unable to prosecute individual actions,
>
> b   The class claims arise from company-wide policies uniformly applied to all class members,
>
> c   Concentration of the litigation concerning this matter in this Court is desirable,
>
> d   A failure of justice will result from the absence of a class action
>
> e   The amounts at issue for individual class members are not substantial enough to make individual actions economically viable, and
>
> f   The class is of moderate size and no difficulties are likely to be encountered in the management of a class action

## VI   CLASS CAUSES OF ACTION

56   For all counts that follow, the Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein

## COUNT I
### NON-PAYMENT OF EARNED WAGES IN VIOLATION OF M G L c 149, §§ 148, 150

57   M G L c 149, § 148 mandates the timely payment of all earned wages

58   Section 148 provides in relevant part

> [e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or within seven days of termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week

59   Massachusetts law provides that working time includes, ' all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site, and any time worked before or beyond the end of the normal shift to complete the work " 454 Code Mass Regs § 27 04

60   By failing to pay the Plaintiff and class members their earned wages, including overtime wages earned pursuant to state law, Allstate failed to pay Mr Grier and class members the full amount of their earned wages when the same became due and payable

61   Allstate's failure to comply with M G L c 149, § 148 entitles Mr Grier and class members to recover treble damages, interest, reasonable attorney's fees, costs, and injunctive relief pursuant to M G L c 149, § 150

## COUNT II
### NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF M G L c 151, §§1A, 1B

62   Allstate did not pay Mr Grier and class members earned overtime wages, as required by state law

8

63.  Allstate's failure to comply with M G L c 151 § 1B entitles Mr Grier and class members to recover three times their unpaid overtime wages interest reasonable attorney's fees costs of litigation, and injunctive relief

### COUNT III
### FAILURE TO MAINTAIN PROPER PAYROLL RECORDS AND ISSUE LAWFUL PAYSTUBS IN VIOLATION OF M G L c 149, § 148, M G L c 151, § 15, AND 454 CODE MASS REGS 27 07(2)

64.  M G L c 149, § 148 provides

    An employer when paying an employee his wage shall furnish to such employee a suitable pay slip, check stub or envelope showing the name of the employer the name of the employee, the day, month, year number of hours worked, and hourly rate, and the amounts of deductions or increases made for the pay period

65.  M G L c 151, § 15 provides

    Every employer shall keep a true and accurate record of the name, address and occupation of each employee, of the amount paid each pay period to each employee, of the hours worked each day and each week by each employee

66.  454 Code Mass Regs § 27 07(2) provides

    For each employee, the employer shall keep a true and accurate record of the employee s name, complete address, social security number occupation amount paid each pay period, hours worked each day rate of pay, vacation pay, any deductions made from wages any fees or amounts charged by the employer to the employee, dates worked each week and such other information as the Director or the Attorney General in their discretion shall deem material and necessary

67.  M G L c 151, § 19 provides

    An employer or the officer or agent of a corporation who fails to keep the true and accurate records required under [M G L c 151] shall have violated [M G L c 151 § 19]

68.  M G L c 149, §150 provides

    An employee claiming to be aggrieved by a violation of section 19 of chapter 151 may prosecute in his own name a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits

9

69  By failing to keep proper records of the hours worked by the Plaintiff and class members and issuing pay stubs that did not indicate the accurate total number of hours worked, Allstate violated M G L c 149, § 148 M G L c 151, §19, and 454 Code Mass Regs § 27 07(2)

70  Allstate's failure to comply with M G L c 151 § 19 and M G L c 149, § 148 entitles the Plaintiff and class members to recover treble damages, interest, reasonable attorney s fees, litigation costs, and injunctive relief pursuant to M G L c 149, § 150

### COUNT IV
### NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF 29 U S C §§ 207(A), 216(B)

71  Allstate has at all relevant times been an "enterprise," within the meaning of Section 3(i) of the Fair Labor Standards Act, 29 U S C 201, et seq (hereinafter 'FLSA")

72  Allstate has at all relevant times been an "enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the FLSA

73  On information and belief, at all relevant times, Allstate has had annual gross revenues exceeding $500,000, used products to conduct its business that originated outside of the Massachusetts, and handled credit card transactions

74  Allstate is and at all times material hereto has been an employer of Mr Grier and class members for purposes of the FLSA

75  The Defendant's failure to pay Mr Grier and class members overtime wages was done either willfully or with reckless disregard of the FLSA

76  The Defendant's violation of the FLSA entitles Mr Grier and class members to recover their unpaid overtime wages, interest, liquidated damages (in an amount equal to their unpaid overtime wages), reasonable attorney's fees, and the costs of this action

WHEREFORE, the Plaintiff requests that the Court

1. Certify this case as a class action pursuant to Mass. R. Civ. P. 23,

2. Certify this case as a collective action pursuant to 29 U.S.C. 201 et seq.,

3. Appoint Mr. Grier as class representative for the classes,

4. Appoint the undersigned as class counsel,

5. Award treble damages, interest reasonable attorneys' fees, and costs pursuant to M.G.L. c. 149, § 150 for unpaid wages in an amount to be determined at trial on behalf of the Class,

6. Award treble damages, interest, reasonable attorneys' fees, and costs pursuant to M.G.L. c. 151, § 1B for unpaid overtime wages in an amount to be determined at trial on behalf of the Class,

   Enjoin the Defendants from continuing to violate the Massachusetts wage and hour laws pursuant to M.G.L. c. 149, § 150 and M.G.L. c. 151, §§ 1B, 20,

8. Damages (including liquidated damages), interest, reasonable attorney's fees, and costs pursuant to 29 U.S.C. 201 et seq, and

9. Award such other relief that the Court deems just

### JURY DEMAND

The Plaintiff demands a trial by jury for all claims

Respectfully submitted,

DEREK GRIER,
By his attorneys,

*/s/ Stacy W Thomsen*

Stacy W Thomsen (BBO No 706746)
Raven Moeslinger (BBO No 687956)
Nicholas F Ortiz (BBO No 655135)
Law Office of Nicholas F Ortiz, P.C
50 Congress Street, Suite 540
Boston, MA 02109
(617) 338-9400
swt@mass-legal com

Dated September 16, 2022

11